Negrón Soto, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Se solicita la revisión de la Resolución emitida por la Junta de Apelaciones del Sistema de Administración de *851 Personal, en lo sucesivo J.A.S.A.P., el 1 de octubre de 1996 que declaró sin lugar la apelación interpuesta por el recurrente, Freddie García Vélez, quien solicitó que se le clasificara como Ebanista en lugar de Carpintero. El 21 de enero de 1997, este Tribunal emitió una Resolución y le ordenó al recurrido que se expresara en relación a lo planteado en la petición de revisión, lo que hizo en su escrito del 9 de enero siguiente.
Expedimos el auto y procedemos a revocar la Resolución recurrida. Veamos.
Para el 1 de abril de 1995, el Departamento de Transportación y Obras Públicas, en lo sucesivo el Departamento, implantó un Plan de Clasificación y Retribución como administrador individual de conformidad a lo dispuesto en la Ley de Personal, Ley Núm. 5 del 14 de octubre de 1975, según enmendada, 3 L.P.R.A., sees. 1301 et seq. Con posterioridad a ello y específicamente el 4 de diciembre de 1993, el recurrente cumplimentó el formulario sobre Descripción de Puestos, Núm. OCAP-16, en donde indicó que sus tareas eran las siguientes:

"Realiza trabajo general de ebanistería tales como escritorio, mesas, archivos, etc.

Realiza trabajos de carpintería.

Realiza trabajos de pintura a compresor como pintar sillas o escritorio y mesas.

Otro trabajo que mi supervisor tenga que asignarme.

Realizo mantenimiento del edificio como: puertas, ventanas, divisiones de oficinas y cerradura, etc.

Funciones esenciales

1. Desyervo

2. Poda de árboles

3. Limpieza de basura"

Además, allí señaló que el título de clasificación del puesto era Trabajador II y el título funcional del mismo era "Ebanista". Su supervisor inmediato afirmó que la descripción antes referida era fiel y exacta.
Posteriormente, el 8 de diciembre siguiente, el jefe de la oficina acreditó que la información del empleado y del jefe inmediato dada en el formulario OCAP-16 era cierta y exacta.
Considerando esa información, conjuntamente con la de los otros empleados, el Plan de Clasificación y Retribución del Departamento autorizó como clase el puesto de Carpintero, describiéndolo de la manera siguiente:

"Naturaleza del Trabajo:

Trabajo diestro que consiste en realizar trabajos de carpintería en general en el Departamento de Transportación y Obras Públicas.

Aspectos Distintivos del Trabajo:

El empleado realiza trabajo de alguna complejidad y responsabilidad que consiste en la construcción, mantenimiento e instalación de estructuras en madera siguiendo las prácticas del oficio. Puede supervisar empleados semidiestros y no diestros de menor jerarquía.

Trabaja bajo la supervisión de un funcionario de mayor jerarquía, quien le imparte instrucciones generales. Su trabajo es revisado durante su realización y al finalizar el mismo mediante inspecciones para verificar conformidad con las instrucciones impartidas.

*852
Ejemplos de Trabajo:

Construye, repara e instala puertas, ventanas, marcos, gabinetes, casetas, plataformas, mesas, andamios, escaleras, bancos, divisiones internas y otras estructuras en madera.

Prepara moldes de madera para construcción de estructuras de cemento tales como: zapatas, vigas, columnas, paredes, techos, y tubos para la instalación de puertas, ventanas y acondicionadores de aire.

Recomienda el tipo de madera más adecuado para las diversas construcciones, reparaciones o alteraciones a realizarse.

Cuida y da mantenimiento al equipo y herramientas utilizadas en la carpintería.

Prepara estimados sencillos de costo de materiales y equipo que se utilizan en el oficio.

Asigna y supervisa el trabajo a empleados de menor jerarquía.

Prepara informes de los trabajos realizados."

Dicho Plan no creó el puesto de Ebanista. El Departamento notificó al recurrente que conforme a las tareas y deberes que él había descrito en dicho formulario había sido clasificado como Carpintero. No estando conforme con ello, el apelante solicitó la revisión de la clasificación, la cual le fue denegada. Entonces, él acudió a J.A.S.A.P., alegando que las tareas que realizaba eran relacionadas con la ebanistería y por ello no podía ser clasificado como Carpintero. El Departamento sostuvo que las tareas que el apelante desempeñaba estaban plenamente ubicadas en el puesto de Carpintero, por lo que él no era Ebanista.
Cumpliendo con una orden para mostrar causa que J.A.S.A.P. emitió, el apelante sostuvo que el conjunto de tareas realizadas por él, según surgía de la Descripción de Puesto OCAP-16, supra, eran las de un trabajo de ebanistería con el título funcional de un puesto de ebanista, según aprobado por su supervisor, y que la falta de la clase de ebanista en el Plan de Clasificación del Departamento no podía ser un impedimento válido para denegar su creación. Sostuvo que había una controversia de hechos trabada entre las partes, por lo que solicitó la celebración de una vista pública. El 1 de octubre de 1996 J.A.S.A.P. emitió Resolución declarando No Ha Lugar dicha apelación.
Imputa el apelante-recurrente como error a J.A.S.A.P. en el presente recurso, el haber emitido su Resolución sin haber celebrado una vista para dilucidar la controversia de hechos, que era la única forma de resolverlo, lo que le violó su derecho a un debido proceso de ley y le privó de los derechos garantizados por la Ley Núm. 170 del 12 de agosto de 1988, conocida como la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sees. 2101 etseq.
Sostiene el Departamento la inexistencia de controversia de hechos alguna, ya que la adjudicación por J.A.S.A.P. sólo requería la determinación de tres elementos prácticos, a saber: "i. La determinación del conjunto de tareas y deberes desempeñadas por el empleado; 2. identificar y establecer las características distintivas de los oficios de ebanista y carpintero; y 3. la determinación sobre si la clase de ebanista era o no necesaria en la estructura organizacional y administrativa del Departamento." Concluyó, que por todo ello, la celebración de una vista evidenciaría era totalmente innecesaria.
n
La Ley Núm. 170, supra, dispone que "[cjuando por disposición de una ley, regla o reglamento o de este Capítulo, una agencia deba adjudicar formalmente una controversia, los procedimientos deberán regirse por..." sus disposiciones y señala que en dichos procedimientos es indispensable garantizar el derecho a notificación oportuna de los reclamos en contra de una parte; a presentar evidencia; a una adjudicación imparcial; y a que la decisión esté basada en el expediente. Sección 3.1,3 L.P.R.A. see. 21511.
No obstante, en cuanto al derecho estatutario a una audiencia, se ha sido interpretado que la Ley Núm. 170, *853 supra, no consagra un derecho a vista pública en todas las situaciones.
"La Ley de Procedimiento Administrativo Piniforme establece expresamente que una agencia debe regirse por un procedimiento determinado, cuando tenga que adjudicar formalmente. Dicha ley no dispone específicamente que existe un derecho a una audiencia. La determinación de celebrar una audiencia en un procedimiento administrativo le compete a la agencia según el estatuto. Claro está, la ley reconoce como derechos: la notificación de los cargos, el presentar evidencia, una adjudicación imparcial y una decisión basada en el expediente. El disfrute de esos derechos sólo es dable a través de una audiencia. Por tanto, lo importante para conocer los derechos procesales estatutarios que puedan disfrutarse y, en específico, si existe ■el requisito de una audiencia es examinar el estatuto orgánico de la agencia administrativa. Ese examen tiene que efectuarse con el reglamento interno de la agencia." Fernández Quifionez, D. Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, Colombia, Editorial Forum, 1983, págs. 305-3062. 
De un examen de la ley orgánica de J.A.S.A.P. y del reglamento correspondiente surge lo siguiente: luego de comenzado un procedimiento de apelación por una parte afectada, J.A.S.A.P. "...podrá ordenar una investigación, y como resultado de la misma podrá desestimar la apelación por considerarla frívola, o podrá ordenar la celebración de una vista pública, con citación de las partes envueltas." Sección 7.15 de la Ley 5 de 14 de octubre de 1975, 3 L.P.R.A., see. 1395. En relación a la radicación de una apelación, el Reglamento Procesal aprobado por J.A.S.A.P. el 9 de agosto de 1989, dispone que:
"Iniciado el proceso adjudicativo mediante la radicación del correspondiente escrito de apelación, la Junta o el Oficial Examinador designado podrá emitir en cualquier momento o fase del mismo las órdenes de mostrar causas que entienda apropiadas y necesarias. En cualquier reclamación en la cual la Junta, bien sea a través del mecanismo de la orden de mostrar causa o porque las partes así lo admitan, tenga ante sí una controversia estrictamente de derecho, podrá emitir la resolución final correspondiente, sin sujeción a ningún otro trámite procesal." Sección 2.2.
J.A.S.A.P., en la resolución recurrida, no se refiere a la solicitud de la celebración de una vista pública en el caso de autos, aunque de la misma puede desprenderse que entendió que no existía una controversia real en cuanto a los hechos esenciales para adjudicar la reclamación y que estaba en posición de resolver en los méritos lo planteado.
No coincidimos con esta apreciación de J.A.S.A.P. Si bien es cierto que podría darse el caso en donde no fuese necesaria la celebración de una vista pública, en el presente estaban en controversia ciertos hechos esenciales que podían ser decisivos para su solución final. Veamos.
El Diccionario Real de la Lengua Española, Edición 1991, define "carpintero" como: "el que por oficio trabaja y labra madera ordinariamente común" y "ebanista" como "persona que tiene por oficio trabajar en ébano y otras maderas finas". Asimismo, citando el Diccionario Léxico Hispano (W.M. Jackson, Inc. Editores, México, D.F., 12ma. edición), concluyó el recurrente, y acepta el Departamento, que:

"Como podrá apreciar, el elemento característico o distintivo entre ambos oficios es que el ebanista efectúa un trabajo de mayor elaboración, terminación y destreza, pues su materia prima es madera fina, mientras que el del carpintero lo es de menor grado, ya que utiliza, madera rústica."

Moción en Cumplimiento de Orden del 3 de julio de 1996 del apelante, aquí recurrente, pág. 3 .
Aplicando esa diferencia, surge de la descripción del puesto del apelante-recurrente que él realiza trabajo general de "ebanistería", como era construir "escritorios" y "archivos". De un examen de la especificación de la clase de carpintero, supra, no surge que tales funciones estén comprendidas dentro de los aspectos distintivos del trabajo ni de los ejemplos allí enumerados, del mismo. Tampoco, las partes estipularon ni presentaron prueba de qué tipo de madera se usa en la construcción de los escritorios y archivos en el Departamento, y si la misma es distinta a la usada en las mesas, puertas, ventanas, divisiones de oficinas, plataformas, casetas, andamios, escaleras, bancos, divisiones internas y otras estructuras en madera, las cuales están comprendidas dentro del *854 puesto de carpintero. Ello es, sin añadirle las otras tareas que el apelante en su escrito de revisión alega realizaba, como que fabrica o ayuda a fabricar libreros, credenzas, pizarras para planos, muebles de oficina, escritorios de recepcionista, gabinetes de cocina, empajillado de muebles, pintura de muebles, trabajar con pinturas a duco y monturas de paneles decorativos. De hecho, la misma oficina de Recursos Humanos del Departamento, por voz de su Sección de Clasificación y Retribución, al confeccionar una hoja de evaluación fechada el 29 de enero de 1996 puso en controversia si las funciones realizadas por el apelante-recurrente son de carpintero o de ebanista. La misma, en su parte pertinente, dice que:

"Puntos en Controversia (algunos)

El empleado solicita ser clasificado como Ebanista, dado que su trabajo está dedicado a la confección de muebles de oficina y de despachos de ejecutivos.

Análisis del Caso

No existe la clase, ni se justifica la creación de la misma en el Departamento. El Ebanista realiza sus labores con maderas finas, ébano, samán, caoba, cedro, etc. Los trabajos realizados por el empleado podrían enmarcarse en el concepto de carpintería fina o superior, pero nunca como ebanista.

Recomendaciones y/o Observaciones

No se recomienda acción alguna. Se debe confirmar la clasificación comunicada previamente." (Enfasis suplido).
Ello es así, ya que en ningún momento se estipuló o acreditó que la carpintería cubre trabajos de otra madera que fuera la corriente, ni cuando es que las labores con madera fina o superior, según allí se acepta realiza el apelante, pasan a ser trabajo de ebanistería, según la diferencia de ambos trabajos aceptada por todas las partes.
Ante lo que surge de esos documentos, la apreciación del Departamento de que no había hechos en controversia, es incorrecta en los tres elementos prácticos que él enumeró en su alegato, supra, y J.A.S.A.P. tenía la obligación de señalar una vista donde las partes aportaran la prueba que estimaran conducente a que se determinara la situación fáctica en este caso y, entonces, se aplicaran las normas de derecho correspondiente.
Ante tales controversias de hechos, J.A.S.A.P. no podía adjudicar los derechos de las partes sin la celebración de una vista pública ni resolver que el trabajo que realizaba el recurrente era uno de carpintero y no de ebanista.
Es una norma de hermenéutica que la interpretación de la agencia encargada de la administración de un estatuto merece deferencia sustancial por los tribunales y que tal interpretación no necesita ser la única razonable para ser acreedora a tal deferencia judicial, si se trata de una interpretación razonable y consistente con el propósito legislativo. Com. de Seguros de P.R. v. Gen. Accident Ins. Co., 133 D.P.R. (1993), 93 J.T.S. 10, pág. 10334; De Jesús v. Departamento de Servicios Sociales, 123 D.P.R. 407 (1989).
Sólo "...cuando la interpretación que del estatuto hace la agencia administrativa produce resultados inconsistentes con, o contrarios, al propósito de la ley o lleva a la comisión de injusticias, el criterio administrativo no puede prevalecer. Debido a ello es que los tribunales, como últimos intérpretes de la ley, están autorizados para revisar las decisiones administrativas y, si necesario, revocarlas." Calderón Morales v. Adm. Sistemas de Retiro, 130 D.P.R. _ (1992), 92 J.T.S. 21, pág. 9259. Así ocurrió en este caso, donde se requería la celebración de una vista administrativa ante las claras controversias de hechos existentes.
ni
En virtud de lo anteriormente expresado, se expide este recurso de revisión, se revoca la Resolución recurrida y se devuelve el caso a J.A.S.A.P. para que dilucide los méritos del caso en una vista evidenciaría.
El Juez Aponte Jiménez disiente sin opinión escrita.
*855 Así lo acordó el Tribunal y lo certifica la Secretaria General.
Aida I. Oquendo Graulau
Secretaria General
ESCOLIO 97 DTA 17
1. De igual manera señala Bernard Schwartz en su tratado de Derecho Administrativo:
"As a general proposition, hearings are not requiered when no disputed issues are raised. In such situations, the rationale is that Congress does not intend administrative agencies to perform meaningless tasks." Administrative Law, 2nd. Ed., Canada, Little, Brown and Company, 1984, págs. 206-207.